990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Clifford MOORE, Defendant-Appellant.
 No. 92-50377.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 18, 1993.
 
 Before JAMES R. BROWNING, HUG and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moore appeals his conviction for violations of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to distribute approximately 483.8 grams of methamphetamine and distribution of approximately 483.8 grams of methamphetamine, and 18 U.S.C. § 2, aiding and abetting. He contends that the district court erred in denying his motion for a judgment of acquittal on the ground that he was entrapped as a matter of law. The existence of entrapment is a factual issue for the jury. Therefore, in reviewing the denial of a motion for acquittal based on entrapment as a matter of law, the court must view the evidence in the light most favorable to the government, and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Citro, 842 F.2d 1149, 1151 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 3
 In order to establish the defense of entrapment the appellant must show (1) that he was induced to commit the crime by a Government agent and (2) that he was not otherwise predisposed to commit the crime. United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986).
 
 
 4
 "Where the Government has induced an individual to break the law and the defense of entrapment is at issue, ... the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992) (quoting United States v. Jacobson, 112 S.Ct. 1535 (1992)). Moore contends that there was insufficient evidence to establish predisposition for the criminal acts with which he was charged.
 
 
 5
 We have developed five factors to consider in determining the predisposition of the defendant: (1) the character or reputation of the defendant; (2) whether the Government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the Government's inducement. Citro, 842 F.2d at 1152. "None of these factors alone indicates either the presence or absence of predisposition, however the most important factor is whether the defendant demonstrated reluctance to engage in the crime which was overcome by repeated Government inducement." Id.
 
 
 6
 With regard to character, the evidence revealed that Moore was a user of methamphetamine, although there was no evidence that he had previously sold methamphetamine or any of its components. There was evidence that appellant was involved with a known criminal organization, the Mongrels Motorcycle gang, and that Moore had told O'Connor, the confidential informant, that he had a family-like relationship with Jim Rivera, the president of the Mongrels Motorcycle gang. There was some evidence that that organization was involved in manufacturing methamphetamine and that Moore was engaged in some negotiations to purchase ephedrine for Rivera to use in cooking methamphetamine. There was conflicting evidence as to who initiated the transaction and as to the nature of the continuing contact between Moore and O'Connor. It was clear that Moore intended to engage in the activity for a profit of $500. There was conflicting evidence as to whether Moore was reluctant to engage in the transaction or readily did so. There was also conflicting evidence as to the nature of the Government's inducement, with Moore contending that O'Connor pestered him continually whereas other evidence indicated that Moore readily accepted O'Connor's calls and contacts. There was thus conflicting evidence as to whether the defendant "demonstrated reluctance to engage in the crimes involved which was overcome by repeated Government inducement." Citro, 842 F.2d at 1152. Viewing the evidence in a light most favorable to the Government there was sufficient evidence for a jury to conclude beyond a reasonable doubt that Moore was predisposed to commit the crimes involved.
 
 
 7
 The motion for acquittal was properly denied and the judgment of conviction is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3